# PITTA LLP
### Attorneys at Law

120 Broadway
28th Floor
New York, New York 10271
Telephone: (212) 652-3890
Facsimile: (212) 652-3891

**Joseph M. Bonomo**
Senior Counsel
Direct Dial: (212) 652-3833
jbonomo@pittalaw.com

April 19, 2024

**By ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      RE:    **Adams v. New York State - Unified Court System, et al.**
              **S.D.N.Y. (22-cv-09739-JMF)**
              **Opposition to Defendants' Motion to Reopen and Extend Discovery**

Dear Judge Furman:

      This firm represents Plaintiff in the above-referenced lawsuit. Pursuant to Defendants' letter motion seeking to re-open and extend discovery, dated April 17, 2024 ("Motion"), (*see* ECF No. 49), and Your Honor's Order granting Plaintiff's request for an opportunity to respond (*see* ECF Nos. 50 and 51, respectively), I respectfully submit this letter in opposition to the Motion. This opposition is grounded in a detailed examination of the principle of good cause when seeking to reopen, extend, and compel new discovery. Based upon the below discussion, the Court should deny the Motion because Defendants have not provided sufficient justification for their failure to raise the discovery issue earlier in the proceedings, despite having ample opportunity to do so.

      As outlined in Rule 16(b)(4) of the Federal Rules of Civil Procedure and supported by relevant legal precedent, a scheduling order may only be modified for "good cause" and with the judge's consent. The burden rests squarely on the moving party to establish good cause, which includes a showing that despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met. *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991). This stringent requirement ensures the orderly progression of litigation and guards against undue disruption to the judicial process. District courts in the Second Circuit consider six factors in evaluating applications to reopen discovery: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *Exist, Inc. v. Tokio Marine Am. Ins.*, No. 22 Civ. 1679 (AT) (BCM), 2024 BL 7312, at

Honorable Jesse M. Furman
April 19, 2024
Page 2

*2 (S.D.N.Y. Jan. 9, 2024).  The Motion falls short of meeting this standard, as set forth in the relevant legal precedent when deciding whether to re-open and extend discovery after the deadline for the completion of discovery has passed.

In regard to Defendants' purported diligence in seeking the now-requested discovery, even if the Court accepted the validity of this argument – which the Court should not – the Court must consider several critical facts that significantly impact the validity and timing of the Motion.  First, Defendants waited until the thirteenth hour to bring the Motion, providing Plaintiff with insufficient time to respond.  It is also evident from the timeline of events that Defendants had ample opportunity to discover the information they now seek regarding True Hope Ministry and Pastor Hall's alleged practices well before the initiation of the instant litigation.  A simple Google search[1] for "True Hope Ministry" prominently reveals a 2022 article and other pertinent information regarding True Hope Ministry and claims related to religious exemption letter transactions.

Second, Defendants' reliance on *Gardner-Alfred v. Federal Reserve Bank of New York*, 2023 WL 6214863, issued on September 25, 2023, as justification for their request for discovery is misplaced.  It overlooks the fact that said decision was issued months before the commencement of discovery, was issued the same month as the case management plan, and was issued three days before initial disclosures were completed in the present matter.  Furthermore, Defendants' reference to *Gardner-Alfred* suggests that they were aware of similar cases, yet chose not to pursue this line of inquiry earlier.[2]  Despite the easily discoverable and publicly available information, Defendants chose not to pursue discovery on this particular topic until after the close of the discovery, suggesting a lack of diligence on their part; thereby  undermining Defendants' claim of good cause.

Third, Defendants could have, but did not, raise this during Plaintiff's deposition, conducted on March 11, 2024, which occurred within the discovery period.  This failure to address the matter earlier indicates a lack of diligence on the part of Defendants.  Specifically, during the March 11, 2024 deposition of Plaintiff, Defendants' inquiry focused on Plaintiff's congregant status and attendance record.  However, even after Plaintiff answered a question at that immediate time about the frequency for which Plaintiff pays "tithes", Defendants failed to inquire about any potential donations or payments to True Hope Ministry as a possible *quid pro quo* for an exemption letter.  The failure to raise this issue of the alleged transgression during the deposition indicates that Defendants did not consider this information essential to their case at that time and further underscores their lack of diligence in pursuing this line of inquiry.  Furthermore, during a conference before Your Honor on March 13, 2024 to address discovery issues, Defendants' counsel could have, but again failed to, raise the issue they have now brought forth.

It appears that Defendants are using the Motion to pivot their arguments, as the sole issue before the Court at this time should be prong two of the *prima facie* test for determining whether

---

[1] *See* Google search screenshot for "True Hope Ministry" conducted by the undersigned (last visited: April 19, 2024).

[2] Though Defendants were evidentially not personally involved in this case, the decision was reported by Constangy, Brooks, Smith & Prophete, LLP, a well-known management-side labor and employment law firm, in a legal bulletin addressing situations where the sincerity of an employee's religious belief may not be easily established or generally presumed.  *See Religious Accommodations, Part Deux: Is the religious belief sincere?*, Frank Shuster (Oct. 18, 2023), available at: https://www.constangy.com/newsroom-newsletters-1252 (last visited: April 19, 2024).

Honorable Jesse M. Furman
April 19, 2024
Page 3

an employer failed to reasonably accommodate an employee's religious beliefs in violation of Title VII (*see* 42 U.S.C. §§ 2000e, *et seq.*), which Your Honor recognized when partially denying Defendants' motion to dismiss (*see* ECF No. 29, at *6, fn. 2).  Moreover, Plaintiff confirmed her sincerity during her deposition, in Defendants' own motion papers in seeking dismissal, they challenged only whether she informed them of her beliefs (*see* ECF No. 18, at *6).  Since Defendants have essentially conceded Plaintiff's sincerity as evidenced by their explicitness that "their sole challenge to [Plaintiff's] claim relates to the [second] prong" (*see* ECF No. 29, at *6, fn. 2), their ostensible argument that they require the requested discovery to properly address the issue of sincerity in the Plaintiff's religious beliefs is unpersuasive.  This negates any need for further inquiry into the circumstances surrounding the religious exemption letter submitted on her behalf.

    Any attempt to reopen discovery and revisit the issue at this late stage would only serve to unduly prolong the proceedings and prejudice Plaintiff's case beyond mere inconvenience.  Plaintiff has a vested interest in the timely resolution of this dispute and should not be subjected to further delays and distractions caused by Defendants' thirteenth-hour maneuvering, resulting in continued uncertainty and anxiety for Plaintiff.  Granting the Motion would require Plaintiff to revisit and potentially reanalyze past actions and communications, imposing an unnecessary strain on Plaintiff, who has already invested considerable time, effort, and resources in responding to discovery requests and preparing for her deposition.  Permitting this inquiry would also unfairly burden Plaintiff by attempting to change the narrative of the case at a late stage in the proceedings.  This Court should be able to readily detect that the timing of the Motion, coupled with the impending deadline for summary judgment, indicates a tactical attempt to gain a strategic advantage, rather than a genuine pursuit of relevant discovery.

    Defendants have provided no compelling reason why the requested discovery could not have been pursued earlier in the litigation process.  Permitting the inquiry would set a dangerous precedent by allowing parties to circumvent the rules governing discovery and introduce new arguments and evidence at a late stage in the proceedings.  Such an outcome would undermine the integrity of the judicial process, without providing any tangible benefit to Defendants' summary judgment motion on the sole issue of notice; and at the same time, it will prejudice Plaintiff's ability to mount an effective defense, as she would now be forced to address another claim without the benefit of conducting independent discovery.

    Accordingly, for all of the above reasons, the Motion should be denied by this Court.

    We thank you in advance for your consideration.

                        Respectfully yours,

                        *S/Joseph Bonomo*

                        Joseph M. Bonomo
                        **PITTA LLP**
                        120 Broadway, 28th Floor
                        New York, NY  10271
                        Telephone:  212-652-3827

Honorable Jesse M. Furman
April 19, 2024
Page 4

(jbonomo@pittalaw.com)
*Attorneys for the Plaintiff*

cc:   Michael J. Siudzinski, Esq. (By ECF)
      Robyn L. Rothman, Esq. (By ECF)
      Stephen Mc Quade, Esq. (By ECF)

Under the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003).  The Court agrees with Plaintiff that Defendants cannot and do not make the requisite showing of good cause to reopen and extend discovery.  Among other things, Defendants cite as evidence supporting their inquiry an article that was published in a major newspaper over two years ago.  Given that, Defendants have no one but themselves (or their counsel) to blame for their failure to pursue the line of discovery that they now seek.  Accordingly, Defendants' letter motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 49.  All dates and deadlines remain in effect.

SO ORDERED.

April 22, 2024

{00638238.DOCX / }