```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
TRINA ADAMS,                                                            :
                                                                        :
                          Plaintiff,                                    :
                                                                        :       22-CV-9739 (JMF)
            -v-                                                         :
                                                                        :       MEMORANDUM OPINION
NEW YORK STATE – UNIFIED COURT                                          :            AND ORDER
SYSTEM et al.,                                                          :
                                                                        :
                          Defendants.                                   :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Trina Adams was a court clerk in the New York State Supreme Court, which is operated by Defendants New York State Unified Court System ("UCS") and the Office of Court Administration (together, "Defendants"). In 2021, she applied for a religious exemption from Defendants' COVID-19 vaccination mandate. Defendants denied the application and, months later, fired Adams for her failure to get vaccinated. In this suit, she brought claims for religious discrimination, retaliation, and failure to accommodate under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, but only the last claim — for failure to accommodate — survived Defendants' earlier motion to dismiss. *See Adams v. N.Y. State Unified Ct. Sys.*, No. 22-CV-9739 (JMF), 2023 WL 5003593 (S.D.N.Y. Aug. 4, 2023) (ECF No. 29). Defendants now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on that remaining claim. *See* ECF No. 54.

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). A dispute over an issue of material fact qualifies as genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, a court must view all evidence "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Applying these standards here, the Court concludes that Defendants' motion for summary judgment must be denied.[1] Defendants' first argument — that Adams fails to establish a *prima facie* case of failure to accommodate because she cannot demonstrate a sincere religious belief at odds with receiving the COVID-19 vaccine — has some force and may ultimately win the day. In particular, the form letter from True Hope Ministry that Adams submitted in support of her exemption request — seemingly available for purchase by all comers regardless of belief — casts doubt on the sincerity of Adams's asserted beliefs. *See, e.g.*, *Gardner-Alfred v. Fed. Res. Bank of N.Y.*, No. 22-CV-1585 (LJL), 2023 WL 6214863, at *15 (S.D.N.Y. Sept. 25, 2023) ("The vaccine exemption letter [from the Temple of the Healing Spirit] does not provide evidence that [plaintiff's] purported religious views were genuinely held . . . . She paid for the letter and an identical letter

---

[1] As Defendants note, Adams failed to submit any response to their Statement of Material Facts as required by Local Civil Rule 56.1. *See* ECF No. 70 ("Defs' Reply"), at 1-2. That failure would "permit[] the court to conclude that the facts asserted in the statement are uncontested and admissible." *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)). Nevertheless, the Court "must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production" before summary judgment may be entered. *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). Moreover, a district court may, in its discretion, "opt to conduct an assiduous review of the record even where one of the parties has failed to file [a Local Civil Rule 56.1] statement." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks omitted). Here, the Court exercises its discretion to look past Adams's failure to comply with her obligations under the Local Rules and to review the entire record in determining whether Defendants are entitled to summary judgment. That said, Adams and her counsel are cautioned that future failures to comply with the Local Rules or any Orders of the Court may result in sanctions.

was available to anyone else who requested it, whether they were members of the Temple of the Healing Spirit or subscribed to its views."). Moreover, there is evidence in the record suggesting that Adams had other, non-religious reasons for not wanting to receive the vaccine (although a finder of fact could perhaps find that they were ultimately based in religious belief too). *See, e.g.*, ECF No. 58-3 ("Adams Dep. Tr."), at 34 ("When I was with my son, raising my son, seeing a list of vaccines that they force the kids to take, I felt it wasn't needed because we're already healthy people and, you know, I just felt God protects us from everything."); *id.* at 113 (Adams expressing her belief that "doctors overprescribe").

But there is also evidence in the record that would permit a reasonable factfinder to conclude that Adams's opposition to receiving the vaccine was indeed grounded in a sincere religious belief. Most significantly, Adams testified that her spiritual beliefs lead her to abstain from *all* vaccines and non-herbal medications along with certain foods (pork and shellfish) and that she has not taken "any vaccines since [she] was probably about 20, since 18 or 20, really young." Adams Dep. Tr. 32-33. The fact that her beliefs and the restrictions accompanying them are arguably unorthodox — or, at least, not on all fours with a particular widely practiced religion (or with the True Hope Ministry, for that matter) — plainly cannot defeat her claim; all that matters is that her opposition to the vaccine was sincere and grounded in religious belief. *See, e.g.*, *Sughrim v. New York*, 690 F. Supp. 3d 355, 372 (S.D.N.Y. 2023) ("[F]or a belief to be religious, it is not necessary that it 'contemplate an orthodox or traditional God.'" (quoting *Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51 (2d Cir. 1988))); *see also Kane v. De Blasio*, 19 F.4th 152, 268 (2d Cir. 2021) ("Denying an individual a religious accommodation based on someone else's publicly expressed religious views — even the leader of her faith — runs afoul of the Supreme Court's teaching that '[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, *or the validity of particular litigants' interpretations of those creeds*.'"). To survive summary

judgment, Adams need only advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Taken together, her submissions clear that bar.

The cases on which Defendants rely are not to the contrary; the records in those cases left no doubt that the plaintiffs' asserted religious objections were pretextual and manufactured for the purpose of ducking COVID-19 vaccine requirements for other non-religious reasons.  *See, e.g.*, *Rodrique II v. Hearst Comms., Inc.*, No. 22-CV-12152 (RGS), 2024 WL 733325, at *2 (D. Mass. Feb. 22, 2024) (concluding that, "[a]lthough [the plaintiff] broadly asserts that he objects to ingestion of artificial or man-made substances or substances developed using fetal cells, the record belies the suggestion that his beliefs are quite so sweeping and systematic" because, for example, he "regularly takes medications which he views as medically necessary, despite knowing that they are artificial and man-made" and "admits to having taken medications and received vaccinations in the past without questioning whether fetal cells were used at any stage during their development"); *Berna v. Bayhealth Med. Ctr., Inc.*, No. 23-CV-945 (RGA), 2024 WL 456420, at *6 (D. Del. Feb. 5, 2024) ("Plaintiff's exemption form largely focuses on her concerns regarding the vaccine's efficacy and potential adverse effects, her 'right to choose' whether to receive the vaccine, and her practice of 'ask[ing] God fervently to take this burden of the vaccine from me.'  Such beliefs do not qualify as religious beliefs . . . ."); *Gardner-Alfred*, 2023 WL 6214863, at *12 (rejecting the plaintiff's claim because "her opposition to the vaccine [was] based on a purported religion to which there is no evidence, other than her conclusory say-so, that she ever belonged, whose practices she never followed (with the exception of her opposition to the vaccine), and from which she obtained an 'affidavit' that is available to anyone who would pay"); *see also Beickert v. N.Y.C. Dep't of Educ.*, No. 22-CV-5265 (DLI), 2023 WL 6214236, at *4 (E.D.N.Y. Sept. 25, 2023) (granting a motion to

dismiss because "it is clear that [the plaintiff's] refusal to comply with the Vaccine Mandate actually is based on her concerns about the safety and efficiency of COVID-19 vaccines, which she attempts to categorize as religious convictions by invoking Deuteronomy 4:15"). Again, the finder of fact may ultimately agree with Defendants that this case falls on the same side of the line. But the Court cannot make that determination at the summary judgment stage.

Defendants' next argument purports to challenge Adams's ability to satisfy the second prong of the *prima facie* standard, which requires her to prove she "informed [her] employer[] of [her] belief." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001); *see* ECF No. 63 ("Defs.' Mem."), at 12-21. On its face, however, that argument is easily rejected. Adams explicitly sought a religious exemption from the COVID-19 vaccine requirement and, in doing so, she asserted that, "[a]s a Christian [she] put[s] [her] faith in God to heal [her]" and that her religious beliefs therefore prevented her from receiving the vaccine. *See* ECF No. 56-2; ECF No. 56-4. That is more than enough. *See, e.g.*, *Baker v. The Home Depot*, 445 F.3d 541, 547 (2d Cir. 2006) (denying summary judgment where the plaintiff employee offered evidence that he "several times emphasized that he would not work on Sundays because of his religious convictions," observing that "[t]he fact that [the employer] did not fully understand [his beliefs]" did not negate the notice prong). Defendants' argument could alternatively be understood to be that Adams cannot pursue her claim because she frustrated the interactive process by not answering all the questions put to her on a supplemental form. But that argument would not justify granting summary judgment either. Assuming that there was indeed a breakdown in the interactive process, a fact finder could accept Adams's argument that the fault lies with Defendants because the questions she opted not to answer were immaterial and because Defendants could have (and should have) followed up if they were material. *See* ECF No. 69 ("Pl.'s Opp'n"), at 6-7, 13-17. That too, then, is an open question not ripe for resolution on summary judgment.

Finally, Defendants contend that, even if Adams can establish a *prima facie* case, they are entitled to summary judgment on the ground of undue hardship. *See* Defs.' Mem. 21-25. Specifically, they contend that "allowing employees to submit further requests and inquiries after the deadline — and considering and responding thereto — would have been an undue hardship on [their] operations." *Id.* 21. But the focus of the undue hardship analysis is on the proposed *accommodation* — not on the *process to determine whether an accommodation is appropriate*. *See, e.g.*, *Gardner-Alfred*, 2023 WL 6214863, at *11 (quoting *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)); *see also Algarin v. N.Y.C. Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 507 (S.D.N.Y. 2023) ("If an employer is notified of a sincerely held religious belief, practice or observance, the employer 'must offer the aggrieved employee a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship.'" (quoting *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002))). Defendants do not even attempt to show that granting Adams an accommodation would have resulted in undue hardship. *See, e.g.*, Defs.' Reply 8 ("[T]he issue is not whether providing Plaintiff with an exemption would have been an undue hardship . . . .").[2] And in any event, their process-based arguments are not entirely compelling; it is hard to see why allowing Adams to submit additional information, or even seeking it from her, would have caused Defendants undue hardship. Ultimately, that too is a question for the jury. *See, e.g.*, *Groff v. DeJoy*, 600 U.S. 447, 468 (2023) (observing that the undue hardship inquiry is "fact-specific").

---

[2] In that regard, *Algarin* — upon which Defendants place particular emphasis, *see* Defs.' Mem. 25 — is easily distinguished. The court there found that granting the plaintiff a religious exemption would cause the defendant, a healthcare employer, undue hardship "because it would require [the defendant] to violate a state rule" regarding vaccination in healthcare facilities. 678 F. Supp. 3d at 509.

In short, drawing all inferences in Adams's favor, *see, e.g.*, *Sec. Ins. Co. of Hartford*, 391 F.3d at 83, the Court is compelled to, and does, deny Defendants' motion for summary judgment. Unless and until the Court orders otherwise, the parties shall submit their proposed joint pretrial order and associated materials (in accordance with Paragraph 5 of the Court's Individual Rules and Practices in Civil Cases) **within thirty days of the date of this Memorandum Opinion and Order**. *See* ECF No. 35, ¶¶ 14-15. They should be prepared to begin trial as early as two weeks thereafter (subject to the holidays). *See id.* ¶ 16. That said, the Court is firmly of the view that the parties should try to settle this matter without the need for an expensive and risky trial. To that end, the Court directs the parties to confer immediately about the prospect of settlement, including participation in a settlement conference before the assigned Magistrate Judge (or before a mediator appointed by the Court or retained privately). If the parties agree that a settlement conference would be appropriate, they should promptly advise the Court and seek an appropriate extension of the pretrial deadlines.

The Clerk of Court is directed to terminate ECF No. 54.

SO ORDERED.

Dated: November 13, 2024
New York, New York

JESSE M. FURMAN
United States District Judge