UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

TRINA ADAMS,

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT
SYSTEM and NEW YORK STATE OFFICE OF
COURT ADMINISTRATION

Defendants.

-----------------------------------------------------------------X

**SETTLEMENT AGREEMENT,
GENERAL RELEASE, AND ORDER
OF DISMISSAL WITH PREJUDICE**

22-cv-9739 (JMF) (KP)

SO ORDERED.

May 20, 2025

This SETTLEMENT AGREEMENT, GENERAL RELEASE AND ORDER OF DISMISSAL WITH PREJUDICE (hereinafter "Settlement Agreement") is made by and between Plaintiff Trina Adams ("Plaintiff") and Defendants New York State Unified Court System and New York State Office of Court Administration (hereinafter "Defendants"), as of the date this Settlement Agreement is "So Ordered" by a Judge of the United States District Court for the Southern District of New York:

**WHEREAS**, on or about November 11, 2022, Plaintiff commenced the above-captioned civil action by filing a complaint (the "Complaint") in the United States District Court for the Southern District of New York, Index Number 22-cv-9739, against Defendants;

**WHEREAS**, the Complaint alleged three causes of action against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII");

**WHEREAS**, on August 4, 2023, following Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismissed Plaintiff's Second and Third Causes of Action;

**WHEREAS**, the claims and allegations in the Complaint, together with any related filings and proceedings, constitute "the Action";

**WHEREAS**, Defendants and the State of New York expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in connection with the events alleged in the Action;

**WHEREAS**, Plaintiff and Defendants desire to fully resolve the Action and any and all other disputes, whether known or unknown, between them without further litigation before any court or other agency and without admission of fault or liability;

**WHEREAS**, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

**NOW**, **THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, Plaintiff and Defendants hereby stipulate and agree, and the Court orders, as follows:

1.     **Dismissal of the Action with Prejudice**:  The Action and all claims asserted therein – or which could have been asserted therein based on allegations made in the Complaint or otherwise – are hereby dismissed against Defendants, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 of this Settlement Agreement.

2.     **Payments to Plaintiff and Plaintiff's Attorneys**:  For and in consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare as set forth in Paragraphs 7 and 8, the State of New York, on behalf of Defendants, shall pay the total sum of One Hundred

and Sixty-Eight Thousand Five Hundred Dollars and No Cents ($168,500.00) in full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities, and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) arising out of any conduct, acts or omissions prior to, and as of the date of this Settlement Agreement, including but not limited to those asserted in the Action. Payment of the above-referenced sum shall be made as follows:

(a)    The State of New York, on behalf of the Defendants shall pay the gross sum of Seventy Thousand Two Hundred and Eight Dollars and Thirty-Four Cents ($70,208.34), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, physical injury, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages), and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted in the Action against Defendants. The foregoing payment shall be made payable to "Trina Adams" and mailed to Joseph Bonomo, Pitta Law, LLP, 120 Broadway, 28th Floor, New York, New York 10271 as attorney for Plaintiff. The foregoing payment shall be made payable to "Trina Adams" and mailed to Joseph Bonomo, Pitta Law, LLP, 120 Broadway, 28th Floor, New York, New York 10271 as attorney for Plaintiff.

(b)    The New York State Unified Court System on behalf of the Defendants shall pay the gross sum of Forty-Two Thousand One Hundred and Twenty-Five Dollars and  No Cents ($42,125.00), less any and all applicable withholdings, payroll deductions and taxes in full

and complete satisfaction of all claims, allegations, or causes of action for lost wages and benefits (including but not limited to lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement pension, health, or savings plan benefits, or other compensation). The foregoing payment shall be made payable to "Trina Adams" and mailed to Joseph Bonomo, Pitta Law, LLP, 120 Broadway, 28th Floor, New York, New York 10271 as attorney for Plaintiff.

(c)     The State of New York, on behalf of the Defendants shall pay the gross sum of Fifty-Six Thousand One Hundred and Sixty-Six Dollars and Sixty-Six Cents ($56,166.66), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial or otherwise. The foregoing payment shall be made payable to "Pitta LLP in trust and as attorney for Trina Adams" and mailed to Joseph Bonomo, Pitta LLP, 120 Broadway, 28th Floor, New York, New York 10271 as attorney for Plaintiff.

3.     **State Approval of Payments**:  Payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17.  Plaintiff and Plaintiff's attorney agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment,.  In the event that the State does not approve the payments specified in Paragraph 2 of this Settlement Agreement, then Plaintiff shall be entitled to petition the Court to have the Action reinstated and Defendants shall waive any and all defenses that could be raised in connection with the reinstatement of the Action by the

Court.  Further, since the remittances set forth above in Paragraph 2 of this Settlement Agreement are a material term, the State's failure to approve said payments shall render this Settlement Agreement null and void.

4.    **Accrual of Interest:**  In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of Court, together with all other requested documentation, including, without limitation, documentation required under Paragraphs 3 and 6 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day.  In the event the Court does not "so order" this Settlement Agreement, interest on any part of the sum not paid by the one hundred twentieth day shall begin to run on the one hundred twenty-first (121st) day after receipt by the OAG of all documentation reasonably necessary required under Paragraphs 3 and 6 of this Settlement Agreement.  In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" within the meaning of N.Y. Exec. Law § 632-a, then the aforementioned one hundred twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5.    **Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes:**  Any taxes, or interest or penalties on taxes, on the payments referred to in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff (or Plaintiff's attorneys respectively, for fees paid to said attorneys). Plaintiff and Plaintiff's attorneys acknowledge and agree that they shall have no claim, right, or cause of action against UCS and/or OCA (including,

but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities), nor the State of New York, or any of its agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless Defendants, and the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **Medicare Certification:** Plaintiff certifies that she has not received treatment for any injuries related to this lawsuit and has not had medical treatment of any kind paid for by Medicare and, as such, there are no medical expenses relating to the injuries alleged herein. Plaintiff does not anticipate seeking medical treatment for injuries alleged in this action. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 3, and 4 of this Settlement Agreement.

7. **Responsibility of Plaintiff for Liens and Setoffs:** Plaintiff acknowledges and agrees that neither Defendants, nor the State of New York (including, but not limited to, any of its agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees, or

agents, whether in their individual or official capacities), shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, Medicare, Medicaid, or child support liens, or liens for attorneys' fees, costs, disbursements, or expenses) which may attach by operation of law or otherwise to any settlement amount specified in Paragraph 2 of this Settlement Agreement. Plaintiff acknowledges and agrees that she shall have no claim, right, or cause of action against Defendants, and/or the State of New York (including, but not limited to, any of its agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees, or agents, whether in their individual or official capacities) on account of any such liens or setoffs.

8. **<u>Responsibility for Medicare Payments and/or Liens</u>:** Plaintiff agrees to defend, indemnify, and hold harmless Defendants, and/or the State of New York (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the Defendants, State of New York and/or UCS and/or OCA and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter. Upon receipt of all required documentation under Paragraphs 3 and 6 of this Settlement Agreement, payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9. **<u>Covenant Not to File Claim in Court of Claims</u>:** Plaintiff warrants and represents that, as of the date of this Settlement Agreement, she has not filed or sought permission to file with the New York Court of Claims a claim against the Defendants, State of New York, or its present

and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, including but not limited to the Defendants, or any other person or entity based in whole or in part upon any of the acts, transactions, occurrences or omissions asserted in the Complaint in the Action, and further covenant and agrees never to do so in the future.

10.    **General Release:**  For and in consideration of the agreement by the State of New York and Defendants to pay the monies referenced in Paragraph 2 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge Defendants, and the State of New York, together with all of its present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences, or omissions which

are described, alleged, or contained in the Action, including without limitation the Complaint in the Action; (b) any and all claims for attorneys' fees, costs, disbursements and all other expenses incurred by or on behalf of Plaintiffs in connection with the Action, and any other action or proceeding, whether judicial, administrative or otherwise; (c) any and all claims regarding or arising directly or indirectly from Plaintiffs' association with any of the Released Parties or the terms and conditions of their association with any of the Released Parties; (d) any and all claims of access to courts, conspiracy, retaliation, or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual harassment, sexual orientation, gender identity, citizenship, military service, status, or medical condition, whether actual or perceived; (e) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. §§ 1981-1988, Title VI, Title VII, Title IX, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., the New York State Human Rights Law New York Executive Law § 296, et seq., the New York City Human Rights Law, New York City Administrative Code § 8-101, et seq., the New York State Labor Law, including but not limited to claims related to minimum wage, overtime, spread of hours, commissions, tips or gratuities, and all claims arising under the Wage Theft Prevention Act and N.Y. Labor Law §§ 190, 215, 651, 652, 740 and 741 et seq., N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state or local law; (f) any claims of retaliation for participation in a protected activity and/or engaging in any activity protected

under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (g) any and all claims for salary, bonuses, earnings, minimum wage pay, overtime pay, severance pay, vacation pay, sick pay, incentive pay, clinical practice income, or other compensation, or any non-vested retirement, pension, or savings plan or other benefits; (h) any and all grievances pursuant to any applicable collective bargaining agreement; and (i) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive, or other damages), vocational services, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, assault, battery, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, education, vocational services, discrimination, retaliation, retirement, or otherwise. Except for the rights and obligations set forth in this Settlement Agreement, this release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission ("EEOC"), the NYS Division of Human Rights, and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing any claims under New York Military Laws; any claims under New York Labor Law §§ 220 to 224; or any

unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceedings conducted by the EEOC.  Nothing contained in this Agreement shall be construed to prohibit Plaintiff from; (i) bringing any action to enforce the terms of this Agreement; (ii) participating in any investigation or proceeding conducted by, the EEOC or any other federal, state, or local government agency that is authorized to enforce or administer any law, rule, or regulation; (iii) reporting possible violations of any law, rule, or regulation to any governmental agency or entity that is authorized to enforce or administer any law, rule, or regulation; or (iv) making other disclosures that are protected under whistleblower provisions of any law, rule or regulation.  However, by signing below, Plaintiff acknowledges and agrees that she waives not only her right to recover money or any other relief in any action or complaint she might commence, but also her right to recover in any action brought by any government agency or other party, whether brought on her behalf or otherwise.  Furthermore, the parties stipulate as part of the Agreement that any decision rendered in *NYS UCS v PERB*, (N.Y.S. Sup. Court App. Div., 1st Dep't), Docket No. 2024-04036, or any appeal thereof, will not affect the terms of this settlement as to the remedy and Plaintiff may be entitled to any award or settlement of any non-monetary relief provided therein which is not provided by this Agreement.

11.   **No Other Action or Proceeding Commenced:**  Other than the Action, Plaintiff represents and warrants that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against the Released Parties, and/or any of its present and former agencies, entities, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, and on his or her

own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

12.    **No Other Attorney:**    Plaintiff represents and warrants that other than the undersigned attorneys for Plaintiff, no attorney has a lien on the settlement proceeds in the Action or for services rendered to Plaintiff in the Action, or in any other action or judicial or administrative proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, whether pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or any other state or federal law, or contract, or otherwise.

13.    **No Prevailing Party:**    Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14.    **Binding Effect on Successors and Assigns:**    The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15.    **Authority:**    Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

16.    **Voluntary Agreement:**    Plaintiff represents that she has thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 10) with her attorneys, that she is represented by counsel, and Plaintiff represents that she has carefully

read and fully understands all of the provisions of the Settlement Agreement. Plaintiff represents that she executes and delivers the Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect. Plaintiff acknowledges that she has been advised of her right to seek the advice of an attorney and that she is and has been represented by counsel of her own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

17.    **Negotiated Agreement:**  The parties acknowledge that each party has participated and cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18.    **No Admission of Liability:**    Nothing contained herein shall constitute an admission by Defendants or the State of New York that they deprived Plaintiffs of any right or failed to perform any duty under the constitutions, charters, statutes, rules, regulations, or other laws of the United States or, the State of New York, or the City of New York, or that any action or inaction by them was unlawful or wrongful. It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken and payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this Action or dispute or as constituting any admission of wrongdoing or liability on the part of Defendants, the State of New York, or any of its present and former agencies, entities, departments, offices, subdivisions, subsidiaries, affiliates, administrators, principals, officers, employees, directors, members, trustees, shareholders, agents, attorneys, insurers, heirs

and assigns, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, custom, or practice of Defendants or the State of New York, or any of its agencies, offices, departments, divisions, subdivisions, officials, employees, or agents, whether in their individual or official capacities.

19.    **No Precedential Value:**  This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised, or that could have been raised, in the Action, or any other action or proceeding. This Settlement Agreement shall have no precedential value or effect whatsoever, and shall not be admissible in any action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Settlement Agreement. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop the Defendants or the State of New York, or any of its present and former agencies, entities, departments, offices, subdivisions, subsidiaries, affiliates, administrators, principals, officers, employees, directors, members, trustees, shareholders, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues and claims raised in said actions or proceedings, or from advancing any defenses.

20.    **Entire Agreement:**  This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates entirely all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the

parties hereto or an authorized representative of the parties hereto.

21.    **Governing Law:**  The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to the conflict of laws provisions of New York law, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

22.    **Severability:**  With the exception of Paragraphs 1, 2, 3, 6, and 10 of this Settlement Agreement, if any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23.    **Headings:**  The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24.    **Submission to the Court:**  Upon signature by all parties and counsel for parties, this Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

25.    **Counterparts:**  This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

26.    **_Acknowledgement of Full Understanding_:**  Plaintiff acknowledges and agrees that Plaintiff has fully read, understand, and voluntarily enters into this Settlement Agreement. Plaintiff acknowledges and agrees that Plaintiff has had an opportunity to ask questions and consult with an attorney of Plaintiff's choice before signing this Settlement Agreement. Plaintiff further acknowledges that Plaintiff's signature below is a binding agreement that releases and/or waives

claims, including claims that may be contingent or unknown against the Defendants and all Released Parties, including the State of New York.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date indicated below.

**THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN CLAIMS**

Dated: _May 19_, 2025

_____
TRINA ADAMS

STATE OF _New York_  )
                     ) ss.:
COUNTY OF _New York_ )

On the _19_ day of _May_, 2025, before me personally came and appeared TRINA ADAMS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC



17

Dated:   May 19, 2025  , 2025

PITTA LAW, LLP
*Attorney for Plaintiff*
By

*Joseph Bonomo*

Joseph Bonomo, Esq
Pitta Law, LLP
120 Broadway, 28th Floor
New York, New York 10271
(212) 652-3833

Dated:   May    19  , 2025

DAVID NOCENTI
Counsel, NYS Office of Court Administration
*Attorney for* UCS and OCA

By:

Michael J. Siudzinski
Assistant Deputy Counsel
25 Beaver Street, 10th Floor
New York, NY 10004
(212) 428-2150

Dated: _____ ____, 2025

**SO ORDERED:**

Honorable Jesse M. Furman
United States District Judge

18

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRINA ADAMS,

                              Plaintiff,

        - against -

NEW YORK STATE UNIFIED COURT SYSTEM and
NEW YORK STATE OFFICE OF COURT
ADMINISTRATION

                              Defendants.

**PLAINTIFF'S AFFIDAVIT
REGARDING MEDICARE**

22-cv-9739 (JMF) (KP)

STATE OF NEW YORK              )
                              ) ss.:
COUNTY OF _____    )

        TRINA ADAMS, being duly sworn, deposes and says:

1.      I am the plaintiff in the above-entitled action and I reside at

_____, _____, Georgia, and my telephone

number is _____.

2.      I am making this affidavit with full knowledge that the same will be relied upon by the

State of New York, its agents, employees and representatives ("OAG") in connection with

settlement of this action against Defendants New York State Unified Court System and New

York State Office of Court Administration (collectively, "Defendants"), specifically as it relates

to the OAG's obligations as to Medicare compliance primarily pursuant to Section 111 of the

Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare

Secondary Payer Act ("MSP").  I understand that a query will be or has been made to verify my

current Medicare eligibility status.

3.      I hereby acknowledge and understand that as mandated by the Centers for Medicare and

Medicaid Services ("CMS") and promulgated by and through its rules and regulations including

but not limited to the MMSEA or MSP, I am required to:

    a.      reimburse Medicare for *conditional payments* it has made from the settlement
        herein; or

    b.      utilize the settlement proceeds to pay for future medical expenses, when
        necessary.

4.      I further acknowledge that the information provided herein will be relied upon by

Defendants and OAG as true and accurate and, when applicable, will be used for reporting

pursuant to the MMSEA or as deemed necessary or required by the Defendants and OAG.

5.      I hereby agree to promptly provide the OAG with any and all information necessary and

required for its reporting pursuant to MMSEA.

### PEDIGREE INFORMATION

6.       I have been known by (include all alias name(s), former name(s) maiden name(s)) the

following names:  TRINA ADAMS; _____. I

hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed

referring to me.

7.      I consent to OAG verifying my current Medicare eligibility for purposes of its

compliance with MMSEA.  I affirm:

    a.      my social security number is _____;
    b.      my date of birth is _____; and
    c.      my gender is male.

## CURRENT MEDICARE ELIGIBILITY
*✍ Initial and affirm applicable current Medicare eligibility status ✍*

8.    As of the date of this affidavit:

a.    ✍_____    I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

**OR**

b.    ✍_____    I am a Medicare beneficiary and my Medicare number [HIC #] is _____.  I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for payments or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this action.  I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this action; and

i.    ✍_____    Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. ***(Attach copy of Medicare's Conditional Payment letter or Final Demand Letter)***; or

ii.    ✍_____    Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date.  ***(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)***.  In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

**iii.**    ✍_____    I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare.  Upon my receipt of the necessary documentation, I will promptly provide it to Assistant Attorney General Shi-Shi Wang, as well as to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov.  I agree that no interest or penalty be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter or Final Demand Letter).  In accordance with Medicare's Conditional Payment Letter or Final Demand Letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

9.    As of the date of this affidavit:

a.    ✎_____    I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation.  I affirm that I:
i.    have not applied for Social Security Disability Insurance (SSDI);
ii.    have not been denied SSDI and anticipating appealing that decision;
iii.    am not in the process of appealing or re-filing for SSDI;
iv.    am not 62.5 years or older; and
v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

b.    ✎_____    I am not current a Medicare beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation; and

i.    ✎_____    I do not require any future treatment for injuries that are the subject of this action.  The required certification(s) for the injuries alleged in the complaint is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

ii.    ✎_____    I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

iii.    ✎_____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

**OR**

c.    ✎_____    I am currently a Medicare beneficiary and

    i.       ✎_____     I do not require any future treatment for injuries that are the subject of this action.  The required certification(s) for the injuries alleged in the *complaint* is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

    ii.       ✎_____     I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

    iii.       ✎_____     I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

 

                                                                      _____
                                                                       TRINA ADAMS

Sworn to before me this
_____ day of _____, 2025.


_____
    NOTARY PUBLIC